## No. 501

### DET. & TOL. SHORE LINE R. R. CO. v. SIEGEL

Ohio Appeals, 6th Dist., Lucas Co.

No. 1635. Decided Mar. 15, 1926

991. RAILROADS—For an employe to recover under the Federal Employer's Liability Act, displacing state jurisdiction, he must have been engaged in interstate transportation or in work closely related to it so as to be practically a part of it.

YOUNG, J.

Sam Siegel was favored with a $15,000 verdict against the Detroit and Toledo Shore Line Railroad Co. in the Lucas Common Pleas. A remittitur of $7500 was consented to and judgment was entered for $7500.

Siegel had been employed by the company for nearly 6 years, and on the morning of his injury, while going to work, endeavored to cross a train between two tracks in the yards. The train started and he was thrown down, injuring one of his legs, necessitating amputation.

It was contended that Siegel was not in the employ of the Company at the time of his

## STATE COURT OF APPEALS—Continued

injury, that he had taken a route to work which was dangerous and not accustomed to be used; and that he was negligent in attempting to cross over the train in the manner he did, knowing that it was almost ready to start.

Siegel claimed that employees of the company had been accustomed to travel over this passageway, that it had been used a long time with knowledge of the Company; and that the trainmen knew that he was about to cross the train, he having waved to them.

The Court of Appeals on error proceedings held:

1. Siegel was not within the Federal Employer's Liability Act, since the day before he was engaged in threading bolts used on an engine which engine was claimed to be used in interstate commerce.

2. The Federal Act gives redress only for injuries received in interstate commerce.

3. Commerce is movement, and the work and general repair shops of a railroad and those employed in them are accessories to that movement.

4. The test is that an employe at the time of his injury must be engaged in interstate transportation or in work closely related to it, as to be practically a part of it, in order to displace state jurisdiction and make applicable the federal act.

5. The claim of contributory negligence is not a defense under the federal law, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employe as compared with the combined negligence of both employer and employe.

6. The question for the jury in this case was whether Siegel was guilty of negligence in the act of attempting to cross over the made up train.

7. An instruction given by the court is as follows: "You are instructed that it was the duty of the defendant to provide plaintiff with a safe place in which to work and a safe place and passageway in going to and from his work."

8. This instruction is reversible error as it permits a recovery although the defendant's negligence is remote.

9. The employer is not an insurer or guarantor of the absolute safety of the place of work, the limit of his obligation and duty in that respect being to exercise reasonable and ordinary care, having due regard to the hazard of the service, to provide his employe with a safe place in which to work. 80 OS. 289.

Judgment reversed and cause remanded.

Attorneys—Walter R. Everman and H. A. Middleton for Company; Tyler, McMahon, Smith and Wilson for Siegel; all of Toledo.